

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2003

# USA v. Lilly

Precedential or Non-Precedential: Non-Precedential

Docket 02-1955

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Lilly" (2003). *2003 Decisions.* Paper 708.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/708

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1955
_____

UNITED STATES OF AMERICA

v.

CLAYTON LILLY,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cr-00144)
District Judge:  The Honorable Alan N. Bloch

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2003

BEFORE: SLOVITER, NYGAARD, and ALARCON, Circuit Judges.

(Filed March 27, 2003)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant, Clayton Lilly, was convicted, following a bench trial before the Honorable Alan Bloch, of one count of possession with intent to deliver more than 50 grams of crack cocaine in violation of 21 U.S.C.  841(a)(1) and (b)(1)(A)(iii).  The court sentenced him to 188 months of imprisonment to be followed by 5 years of supervised release.  On appeal, Lilly contends that the court erred by concluding that search warrants were supported by probable cause.  Lilly argues that the supporting affidavit contained false and misleading information, and that the officers executing the warrant did not exercise objective good faith in relying on the warrant.  We will affirm.

Lilly's argument is that the warrants in question relied upon information provided by a confidential informant who had "very little, if any, credibility."  This conclusion by Appellant has insufficient support in the record.  He argues further that because the confidential informant was also charged with drug performance, he only cooperated with the police to save himself.  This, of course, is true.  But, in and of itself, it is insufficient to nullify the information given by a confidential informant.  Nonetheless, Lilly further argues that the police, knowing that the confidential informant was only cooperating with the police to save himself, did not try to corroborate the

information.  This statement is simply untrue.

Appellant concedes that the police watched the Appellant while he placed a bag filled with a white substance in his car and removed it from his car, taking it into his store.  Appellant also concedes that the police officers observed him sell something to several people on the street.  Nonetheless, he argues that "none of this amounts to very much."  We conclude that all of the above "amounts to" a sufficient quantum of evidence upon which the issuing magistrate could rely upon in giving the police officers the warrant.

We likewise conclude that the affidavits were neither false or misleading.  Appellant alleges that the government omitted four essential facts from the affidavits upon which the warrants were based.  Appellant argues that information contained in the affidavit, that the confidential informant was reliable because he had helped the police in earlier arrests, is inaccurate because the affidavit fails to mention that none of the arrests had lead to convictions.  He also argues that the affidavit failed to mention that the confidential informant had been arrested for drug possession and delivery.  The sum of all this, he argues, is that the affidavit did not give the issuing magistrate full information as to the reliability of the informant.  We disagree.

First of all, the officer brought to the issuing magistrate's attention the fact that the confidential informant had provided information that lead to "the arrest" of certain persons.  Although convictions are not mentioned, the omission does not amount to a falsehood, nor is it misleading.  However, even assuming that this fact should have been included, the police corroborated the tip by actual observation.

In sum, the information provided by the confidential informant, and the observations made by the police officers were sufficient probable cause upon which to issue the search warrant.  We will affirm.


TO THE CLERK:

Please file the foregoing opinion.




/s/ Richard L. Nygaard
Circuit Judge